IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PATRICK WAYNE BARRETT, SR.,

    Plaintiff,

v.

SENECA FOODS,

    Defendant.

OPINION and ORDER

Case No. 16-cv-211-wmc

*Pro se* plaintiff Patrick Wayne Barrett, Sr. is proceeding in this lawsuit on claims against defendant Seneca Foods under the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964. In particular, he is pursuing claims that (1) Seneca discriminated against him due to his disability when he worked for Seneca as a seasonal forklift driver and Seneca refused to promote him to a permanent position because he could not pass a math test, and (2) his coworkers sexually harassed him due to his perceived sexual orientation and Seneca retaliated against him by refusing to let him retake the math test he failed. Before the court are several motions filed by Barrett that I address below:

I.     **Motion for issuance of subpoenas (dkt. 36)**

Barrett has submitted two subpoenas that he prepared, one directed to John Baldwin, Director of the Illinois Department of Corrections (IDOC), the second directed to Nancy Berryhill at the Social Security Office of Public Inquiries. While Barrett has not included a separate motion for issuance of subpoenas, I will infer that he is seeking the court's permission.

1

Barrett's subpoena to Director Baldwin requests all records related Barrett's mental health, Barrett's disciplinary records, a complete list of all facilities that housed Barrett from 1986 until 2000, and all of Barrett's medical records, including any prescriptions. The information Barrett provided in support of this request is sufficiently clear and it appears that Director Baldwin is the appropriate recipient of this type of request, or more accurately, that his office can determine the proper recipient and forward it to them. It also appears that Barrett may not be able to obtain all of these materials on his own because they are in the possession of IDOC. Accordingly, I am directing the clerk of court to issue Barrett's requested subpoena. Barrett should be aware that IDOC, as a third party, is entitled to certain protections under Fed. R. Civ. Pro. 45(d), so IDOC might have objections to the scope of this subpoena and the cost of production. That said, we will not look for trouble today.

Next, Barrett's subpoena directed to Berryhill requests all records regarding Barrett's 2001 Social Security Disability (SSD) hearing held at the federal courthouse in Rockford, Illinois; all records pertaining to mental health exams, testing diagnoses, or results used at the hearing; and the disposition of the 2001 hearing and any reasoning used by the ALJ for that outcome. As a party to this proceeding, Barrett has the right to request and receive all of the information in his file, so it is not necessary for the court to issue a subpoena in these circumstances. Barrett should submit a request with the Social Security Administration (SSA) to obtain his Social Security Disability file, and he can refer to the SSA's website for instructions on how to request that information. *See* https://www.disabilitybenefitscenter.org/how-to/obtain-social-security-disability-file.

Accordingly, I am denying his request for the court to issue a subpoena to Berryhill.

II.     **Motion to submit documents electronically (dkt. 35)**

Barrett requests that that court permit him to file documents in this court and send documents to defendant using the Trulinks (Corrlinks) electronic filing system. Barrett explains that this system is available at the Terre Haute Federal Correctional Institution where he is incarcerated. I am denying this request. First, as to filings in this court, this court uses the Case Management/Electronic Files System ("CM/ECF"), and will accept documents filed through that system. Unless Barrett is able to obtain access to the CM/ECF, the court is not equipped to accept documents submitted through the Trulinks (Corrlinks) electronic filing system.

As for Barrett's request to serve defendant electronically, pursuant to Federal Rule of Civil Procedure 5(b)(E), if the defendant agrees, Barrett may serve it electronically. Accordingly, Barrett is free to request that defendant accept service of documents through the Trulinks (Corrlinks) system, but I will not enter an order requiring defendant to enter into such an agreement.

III.    **Motions to compel (dkts. 38, 41, 43)**

In his three motions to compel, Barrett requests (A) an order directing the United States District Court for the Northern District of Illinois to produce a true and correct copy of transcripts of the hearings for Barrett's probation revocation from October 11, 2017, and October 18, 2017 (dkt. 38); (B) an order requiring defendant to respond to his

requests for admissions and documents, complaining that defendant's response was untimely and did not properly respond, and that defendant's counsel has failed to communicate with Barrett (dkt. 41); and (C) an order requiring defendant's attorney to label all future correspondence "legal mail" to ensure that they remain confidential (dkt. 43). I will address each in turn:

### A. Revocation proceeding transcripts

I am denying Barrett's request to order the Northern District of Illinois to product transcripts. That court is not a party to this lawsuit, and Federal Rule of Civil Procedure 37(a) provides that this court may only compel *parties* to the proceeding to comply with a discovery request. Therefore, I do not have jurisdiction to compel the clerk of that court to produce the materials Barrett seeks. More importantly, the information that Barrett is seeking does not appear relevant to his claims in this lawsuit. Regardless, while Barrett may have to pay for the cost of obtaining those transcripts, *see* 28 U.S.C. § 753(f), he is free to contact that court and request copies of the transcripts of those proceedings. Accordingly, I am denying this motion.

### B. Seneca's discovery responses

As for Barrett's second motion to compel, Seneca responds that it has complied with Barrett's discovery requests. In particular, Seneca explains that its response was timely and although it contained several objections to Barrett's requests, Barrett has not specifically identified any improper objections, nor has he identified any substantive responses that

are actually false. While Barrett clearly is frustrated by his lack of familiarity with the Federal Rules of Civil Procedure, I agree that Barrett has not identified any ground for me either to sanction Seneca or to compel it to supplement its discovery responses. I have reviewed the email exchanges and the discovery materials that the parties have submitted. Those materials suggest that although the parties are having disputes over discovery deadlines and difficulties connecting over the phone, counsel for Seneca has been polite and flexible in terms of accommodating Barrett's requests and questions. Further, as this order resolves a number of Barrett's outstanding requests for information, it should enable Barrett to comply with Seneca's discovery requests. Accordingly, I am denying this motion.

### C. "Legal mail" label

Seneca does not object to his request that its attorneys label all future correspondence "legal mail." Therefore, I am granting this motion.

## IV. Motion for assistance in recruiting counsel (dkt. 28) and attachment (dkt. 40)

Barrett claims to be incapable of proceeding without the help of an attorney because: he cannot afford an attorney, he has very limited education and a low IQ, he suffers from multiple mental and physical health disorders that require prescription medication that affect his judgment and concentration, he is having problems responding to discovery requests, and he has been unsuccessful in attempting to secure *pro bono* counsel for himself, having contacted multiple attorneys without success. Barrett supplemented this motion with a request to consider additional evidence (dkt. 40), which I will grant.

The evidence Barrett attaches appears to be an email exchange that Barrett's daughter had with one potential lawyer, recently-retired Judge Richard Posner. According to this email exchange, Judge Posner appears to be considering representing Barrett in this lawsuit. However, given that Judge Posner has yet to appear on behalf of Barrett, I will assume that at this point Barrett' continues to be unable to secure counsel and that he has made reasonable but unsuccessful efforts to retain an attorney on his own. While Barrett has satisfied the initial requirement of showing reasonable efforts to secure an attorney on his own, it is not apparent at this stage of the lawsuit that the legal and factual complexity of this case exceeds his ability to represent himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

As noted already, the court granted Barrett leave to proceed on ADA, sexual harassment, and retaliation claims. A preliminary pretrial conference order was issued in this case that explained discovery process and the application of the Federal Rules of Civil Procedure to that process. It appears that Barrett has successfully drafted discovery requests relevant to his claims in this lawsuit. While, it appears that Barrett is having some difficulty responding to Seneca's discovery requests, it likewise appears that Barrett has the help of his daughter and brother. The discovery requests that Barrett is having problems with relate to his personal mental and physical health history as well as the time that he spent in the Illinois Department of Corrections. I've described above how Barrett will be able to obtain these materials, which should provide Barrett (and his family members) adequate guidance. I expect that as long as they are diligent about obtaining these materials, Barrett should be able to continue litigating this case without an attorney, at

least in the short term. That said, while I am denying Barrett's request at this point, it will be without prejudice to his ability to renew it as this case progresses and gets closer to the merits-based dispositive motion phase.

ORDER

IT IS ORDERED that:

1. Plaintiff Patrick Wayne Barrett's motion for issuance of subpoenas (dkt. 36) is GRANTED in part and DENIED in part as described above.

2. Plaintiff's motion to submit documents electronically (dkt. 35) is DENIED.

3. Plaintiff's motion to compel (dkt. 38) is DENIED.

4. Plaintiff's motion to compel (dkt. 41) is DENIED.

5. Plaintiff's motion to compel (dkt. 43) is GRANTED. (dkts. 38, 41, 43)

6. Plaintiff's motion to submit new evidence (dkt. 40) is GRANTED.

7. Plaintiff's motion for assistance in recruiting counsel (dkt. 28) is DENIED without prejudice.

Entered this 5th day of March, 2018.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge