IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PATRICK WAYNE BARRETT, SR.,

    Plaintiff,

v.

SENECA FOODS,

    Defendant.

OPINION and ORDER

Case No. 16-cv-211-wmc

*Pro se* plaintiff Patrick Wayne Barrett, Sr. is proceeding in this lawsuit on claims against defendant Seneca Foods under the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964. Barrett claims that: (1) Seneca discriminated against him due to his disability when he worked for Seneca as a seasonal forklift driver and Seneca refused to promote him to a permanent position because he could not pass a math test: and, (2) coworkers sexually harassed him due to his perceived sexual orientation and Seneca retaliated against him by refusing to let him retake the math test he failed. Before the court are several discovery-related motions:

## I. Defendants' motion to compel (dkt. 55)

Defendant seeks an order precluding Barrett from relying on documents or information he has not produced relating to three of defendant's discovery requests: (1) Interrogatory No. 3 and Document Request No. 3, seeking plaintiff's evidence that supports his claim that Seneca discriminated against him; (2) Interrogatory No. 5 and Document Request No. 2, relating to plaintiff's financial losses associated with the discrimination; and (3) Interrogatory No. 9 and Document Request No. 1, relating to

1

plaintiff's disorders or disabilities plaintiff suffers from, and any documents reflecting treatment or diagnoses. Defendant also seeks reasonable attorney fees.

Defendant explains that despite Barrett's assurances that he was attempting to collect responsive materials, Barrett still has not fully responded. Barrett has provided defendant with his 2003 federal Presentence Investigation Report ("PSR"), which contains information about Barrett's past and current mental health issues, and has provided treatment documentation from 2016.

Barrett indicates that he does not believe that a document reflecting either his financial losses or his learning disability exists, and that his daughter is currently working on obtaining more documents related to his medical history and will provide them to defendants as soon as possible. However, defendant indicates that Barrett still has not produced the responses he has repeatedly assured defendant he would provide. Accordingly, defendant requests that Barrett be precluded from introducing or relying on any documents or evidence not produced on or before March 5, 2018, for purposes of dispositive motions.

Defendant's request is reasonable in these circumstances. Despite my previous order giving Barrett information about how he can obtain his own medical information, Barrett still has not complied with defendant's requests even though the dispositive motion deadline has passed. Therefore, in responding to defendant's motion for summary judgment, Barrett may not rely on any documents or information that he has not produced to defendant by March 5, 2018. Notwithstanding Rule 37(a)(5)'s no-fault stance on cost-shifting, pursuant to Rule 37(a)(5)(A)(iii), this court does not ordinarily shift costs against

pro se litigants when they lose discovery disputes, absent sufficiently aggravating factors. Therefore, I am denying defendant's request for fees and costs at this time.

II. **Barrett's motions**

A. **Motions to compel (dkt. 58, 66)**

In Barrett's first motion to compel, he requested a copy of his deposition transcript. This motion will be denied as moot because defendant filed Barrett's deposition transcript along with its motion for summary judgment.

In his second motion to compel, Barrett claims that defendant violated the court's prior order granting his request that defendant include the label "legal mail" on the envelope of correspondence sent to him at FCI-Terre Haute. Yet Barrett's complaint is that defendant's counsel did not write her name and state bar number on the outside of the envelope. That omission was not the subject of Barrett's motion to compel, and even if Barrett had made such a request, I would not have granted it. The purpose of the "legal mail" label was to alert personnel at Terre Haute that Barrett should receive all correspondence related to this lawsuit. Barrett has not identified a reason to include a requirement that counsel include her name and bar number. I surmise that such information is required for prisoners who receive correspondence from their own lawyers that they wish to keep confidential. Here, however, the communications between Barrett and defendant's lawyer are not confidential. Therefore, there is no reason to require defendant's counsel to include her personal identification information on the outside of the envelopes she sends to Barrett. I am denying Barrett's request.

3

### B. Motion for reconsideration (dkt. 62)

Barrett seeks reconsideration of my order denying his motion to compel. Barrett specifically wants an order compelling defendants to provide the following: (1) employee files and contact information of other individuals that worked for Seneca, (2) the identity of the individual with whom Barrett discussed his complaint on November 4, 2015, (3) the last names and employee files and contact information for other forklift drivers, named "Steve" and "Will"; and (4) the number of employees at the Janesville Seneca plant, by race, categorized by season and permanent position.

While Barrett provides a more detailed justification about why he is seeking the personnel files of other Seneca employees, his requested information does not relate to the claims upon which he is proceeding. First he claims that he needs the contact information of Christopher Jensen, a Seneca employee who allegedly complained that Barrett threatened him. Barrett does not explain how Jensen's complaint is related to his claims, so defendant's position that Jensen's personnel files are irrelevant was proper. Barrett further claims that the files of employees Cotey McCluskey and Jessica Dominguez have information related to his retaliation claim because both of these individuals also were terminated after this lawsuit was filed. While Barrett may believe that other employees were victims of retaliation, they are not parties to this lawsuit and so any adverse action that Seneca took against them, without more, is irrelevant to Barrett's claim.

Next Barrett claims that information of another Seneca employee named Steve, who Barrett claims also was discriminated against for his incarceration, would bolster his discrimination claim. Barrett is proceeding on a claim of retaliation based on his sexual

4

orientation and learning disability, *not* his incarceration. Therefore, this request is not relevant to his claims herein. More generally, Barrett claims that other employee files will contain circumstantial evidence of discrimination, retaliation and retaliation, but he has failed to articulate exactly how this information would lead to admissible evidence related to his claims that Seneca discriminated against him and/or retaliated against him because of his learning disability or sexual orientation. Barrett is not entitled to rifle through other employees' files in hopes of finding information that he believes might be useful to his claim in this lawsuit. Defendant's refusal to produce the employment files of other Seneca employees was not improper. I am denying his motion for reconsideration.

### C. Motion to exclude evidence (dkt. 64)

Barrett asks the court to exclude evidence of his EEOC notice of dismissal and right to sue letter, his prior or post-employment record, and his criminal convictions. According to Barrett, this information is irrelevant to his claims in this case, and highly prejudicial. Perhaps Barrett will turn out to be correct, but this motion is not the best way to raise his concerns. At this stage the court, not a jury, is receiving evidence for consideration of defendants' motion for summary judgment. Barrett should specifically ask Judge Conley to strike and disregard such evidence when deciding summary judgment, and Barrett should explain to Judge Conley *why* he thinks that any of defendants' proposed findings of fact are improper, unfairly prejudicial or irrelevant. If Judge Conley agrees, then he will not consider that evidence when ruling on defendant's motion. If this case proceeds to trial, then Barrett may make the same requests in his motions in limine. But there is no

basis for the court to grant Barrett's motion in a procedural and evidentiary vacuum. Therefore, at this point I am denying this motion without prejudice.

**D. Renewed requests for assistance in recruiting counsel (dkts. 63, 72)**

In his motions for assistance recruiting counsel, Barrett re-asserts that he cannot proceed without the help of an attorney because: he cannot afford an attorney, he has very limited education and a low IQ, he suffers from multiple mental and physical health disorders that require prescription medication that affect his judgment and concentration, and he has been unsuccessful in attempting to secure *pro bono* counsel for himself, having contacted multiple attorneys without success. While Barrett has satisfied the initial requirement of showing reasonable efforts to secure an attorney on his own, it is not still apparent at this stage of the lawsuit that the legal and factual complexity of this case exceeds his ability to represent himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Barrett is proceeding on an ADA, sexual harassment, and retaliation claims, and his obligation at this point is to respond to defendant's motion for summary judgment by **May 14, 2018**. At this point, Barrett's filings suggest that he is capable of handling this task. Attached to the preliminary pretrial conference order in this case is Judge Conley's memorandum and instructions for responding to a motion for summary judgment. (Dkt. 27, at 12-20.) Barrett should have received this and should review these materials in detail. To summarize, Barrett's obligation at this point is to file (1) his response to defendant's proposed findings of fact, in which he states, as to each proposed factual finding, whether

he disputes that fact and cites supporting evidence, (2) a brief in opposition to defendant's motion for summary judgment and (3) the evidentiary materials Barrett relies on in his opposition materials. Barrett may also submit his own proposed findings of fact that supplement defendant's proposed findings of fact.

While this process is challenging, Barrett's filings so far suggest that he can accomplish these tasks. For one, the factual statements in defendant's proposed finding of fact relate, for the most part, to information that are within Barrett's personal recollection, and in fact are drawn directly from Barrett's deposition testimony. Furthermore, Barrett's filings suggest that while he is dealing with the limitations of his incarceration, he is familiar with the applicable legal standard, he recalls the events surrounding his employment and he can articulate his thoughts in a readable manner. With two qualifiers, I am denying Barrett's request. First, while Barrett is working on his opposition, if he concludes that despite his best efforts he cannot meet his May 14, 2018, deadline, then he should file a motion for an extension, and I will most likely grant it. Second, while I am denying Barrett's requests for assistance in recruiting counsel, the denial is without prejudice, and, regardless of what I order, Judge Conley may review Barrett's submissions and *sua sponte* conclude that Barrett needs counsel to properly litigate his claims at this phase.

ORDER

IT IS ORDERED that:

1. Plaintiff Patrick Wayne Barrett's motions to compel (dkts. 58, 66) are DENIED;

2. Plaintiff's motion for reconsideration (dkt. 62) is DENIED.

3. Plaintiff's motions for assistance in recruiting counsel (dkts. 63, 72) are DENIED.

4. Plaintiff's motion to exclude (dkt. 64) is DENIED.

5. Defendant's motion to compel (dkt. 55) is GRANTED.

Entered this 18th day of April, 2018.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge